**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| **WESTFIELD INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FROEHLING & ROBERTSON, INCORPORATED, et al.,**<br><br>**Defendants.** | ) | **Civil Action No.: 2:26-cv-00909-MSD-DEM** |

**DEFENDANT KINSALE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Kinsale Insurance Company ("Kinsale"), by counsel, states as follows as its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Westfield Insurance Company ("Westfield"):

## PARTIES

1. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

2. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

3. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

4. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

5. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

6. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

7. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

8. Kinsale admits that, upon information and belief, Brandon's Plumbing LLC was or purported to be engaged in the business of plumbing. Kinsale lacks sufficient information to admit or deny the remaining allegations of Paragraph 8 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

9. Kinsale admits the allegation of Paragraph 9 of the Complaint that it is an Arkansas corporation and denies the remaining allegations of Paragraph 9 of the Complaint. Answering further, Kinsale avers that its principal place of business is 2025 Staples Mill Road, Richmond, VA 23230.

10. Kinsale admits that it is an unlicensed eligible non-admitted insurer in Virginia. Kinsale further admits the allegation of Paragraph 10 of the Complaint that it issued a Commercial General Liability policy to its named insured Brandons Plumbing LLC, Policy Number

0100077100-4, with a policy period from December 7, 2022 to December 7, 2023 (the "Policy"). A copy of the Policy is attached to this Answer as **Exhibit "A"** and its terms are incorporated herein by reference. Kinsale avers that the Policy speaks for itself and denies any allegations of Paragraph 10 to the extent they misstate or mischaracterize the terms or provisions of the Policy. Kinsale denies all allegations of Paragraph 10 not specifically admitted above.

## JURISDICTION

11. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

12. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

## STATEMENT OF FACTS

13. Kinsale restates and incorporates by reference its responses in Paragraphs 1 – 12 of this Answer.

14. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

15. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof

16. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint. Kinsale avers that the "Scope of Work" set forth in Exhibit B of the Complaint

does not specifically include "core drilling into a concrete slab for the subject project." To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

17. Kinsale admits the allegation of Paragraph 17 of the Complaint that allegations have been made that F&R failed to accurately mark where post-tension cables were buried within certain concrete slab(s) at a construction project at the Gallery at Godwin in Suffolk, Virginia. Kinsale lacks sufficient information to admit or deny the remaining allegations of Paragraph 17 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof

18. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof

19. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

20. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint. Furthermore, Kinsale avers that Paragraph 20 states a legal conclusion regarding whether alleged property damage was incurred as to physical property on which Brandon's Plumbing was allegedly engaged to do work, to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof

21. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

22. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

23. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

24. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint. Furthermore, Kinsale avers that Paragraph 24 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

**COUNT I – BREACH OF CONTRACT v. F&R**

25. Kinsale restates and incorporates by reference its responses in Paragraphs 1 – 24 of this Answer.

26. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint. Furthermore, Kinsale avers that Paragraph 26 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

27. Kinsale avers that Exhibit A to the Complaint speaks for itself. To the extent the allegations of Paragraph 27 of the Complaint are inconsistent with Exhibit A to the Complaint, the same are denied.

28. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

29. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint. Furthermore, Kinsale avers that Paragraph 29 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

30. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

31. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint. Furthermore, Kinsale avers that Paragraph 31 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

## COUNT II – BREACH OF CONTRACT v. BRANDON'S PLUMBING

32. Kinsale restates and incorporates by reference its responses in Paragraphs 1 – 31 of this Answer.

33. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint. Furthermore, Kinsale avers that Paragraph 33 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

34. Kinsale avers that Exhibit B to the Complaint speaks for itself and should be read in its entirety. To the extent the allegations of Paragraph 34 of the Complaint are inconsistent with Exhibit B to the Complaint, the same are denied.

35. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 35 of the Complaint. Furthermore, Kinsale avers that Paragraph 35 states a legal conclusion to

which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

36. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint. Furthermore, Kinsale avers that Paragraph 36 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

37. Kinsale admits that it has not indemnified G&M or Plaintiff for alleged losses related to the events that allegedly took place on or about March 25, 2023 detailed in the Complaint. Furthermore, Kinsale avers that it owes no coverage to Brandon's Plumbing or indemnification or reimbursement to G&M or Plaintiff for such alleged losses, and that the Policy details any coverage owed by Kinsale to Brandon's Plumbing, speaks for itself and should be read in its entirety. Kinsale lacks sufficient information to admit or deny the remaining allegations of Paragraph 37 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

38. Kinsale avers that it owes no coverage to Brandon's Plumbing or G&M for any claims related to the events that allegedly took place on or about March 25, 2023 detailed in the Complaint. Further, Kinsale denies that it is obligated to indemnify G&M for any losses. Kinsale lacks sufficient information to admit or deny the remaining allegations of Paragraph 38 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

39. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint. Furthermore, Kinsale avers that Paragraph 39 states a legal conclusion to

which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

40. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

41. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 41 of the Complaint. Furthermore, Kinsale avers that Paragraph 41 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

**COUNT III – EQUITABLE CONTRIBUTION v. KINSALE**

42. Kinsale restates and incorporates by reference its responses in Paragraphs 1 – 41 of this Answer.

43. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 43 of the Complaint. Kinsale avers that Exhibit B to the Complaint speaks for itself and should be read in its entirety. To the extent the allegations of Paragraph 43 of the Complaint are inconsistent with Exhibit B to the Complaint or any terms of the Master Subcontract Agreement that may not be included in Exhibit B, the same are denied.

44. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 44 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

45. Kinsale avers that the Policy and the Master Subcontract Agreement speak for themselves and should be read in their respective entirety. To the extent the allegations of Paragraph 45 of the Complaint are inconsistent with the Policy and the Master Subcontract

Agreement, the same are denied. Moreover, Kinsale avers that Paragraph 45 states a legal conclusion regarding the existence of coverage for Plaintiff pursuant to the Policy which, for a given claim, is dependent on the terms, conditions, and exclusions of the Policy and the facts attendant to such a claim. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

46. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint. Moreover, Kinsale avers that the Policy speaks for itself and should be read in its entirety. To the extent further response is required, or to the extent the allegations of Paragraph 46 of the Complaint are inconsistent with the Policy, Kinsale denies the same and demands strict proof thereof.

47. Kinsale denies the allegations of Paragraph 47 of the Complaint.

48. Kinsale lacks sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

49. Kinsale denies the allegations of Paragraph 49 of the Complaint.

50. Kinsale avers that Paragraph 50 states a legal conclusion or principle to which no response is required.

51. Kinsale avers that Paragraph 51 states a legal conclusion to which no response is required. To the extent further response is required, Kinsale denies the same and demands strict proof thereof.

52. Kinsale denies the allegations of Paragraph 52 of the Complaint.

53. Kinsale denies each and every allegation and claim for relief in each of the unnumbered "WHEREFORE" paragraphs of the Complaint and calls for strict proof thereof.

54. Kinsale denies that it is liable to Plaintiff under the Policy, in equity, or for any reason or in any amount, and calls for strict proof thereof.

55. Kinsale denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for equitable contribution from Kinsale to Plaintiff.

2. Plaintiff fails to state a claim for equitable contribution because any payments made by Plaintiff were made voluntarily and not under the compulsion of law.

3. Kinsale and Plaintiff are not equally bound for the liability alleged.

4. Kinsale has no obligation at law or at equity to Plaintiff, directly or through any obligation to G&M, related to the matters alleged in the Complaint.

5. Kinsale has no obligation to pay any amount to or on behalf of G&M pursuant to the Policy or otherwise.

6. The Policy provides for no coverage to G&M for any claim based on the events alleged in the Complaint, and therefore Kinsale owes no contribution to Plaintiff, based on the following:

   a. The property damage alleged does not fall within the Insuring Agreement of the Policy as the property damage is alleged to have resulted from continued drilling after contacting certain post-tension cables instead of stopping and reevaluating the circumstances, and therefore was not accidental. Specifically, the Policy provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

***

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

***

**SECTION V – DEFINITIONS**

***

13. “Occurrence” means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

Policy, CG 00 01 04 13, at Page 1 of 16, 15 of 16;

b. G&M was not an additional insured pursuant to the Policy as neither the Master Subcontract Agreement nor any other written contract, executed prior to the start of work on the project, specify or require the location of the work on the project. Specifically, the Policy provides as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

***

| Name of Additional Insured Person(s) or Organization(s) | Location(s) of Covered Operations |
|---|---|
| Blanket, as required by written contract, executed prior to the start of work on the project. | Locations as required and specified by written contract, executed prior to the start of work on the project. |

***

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organizations shown in this Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

***

*Id.*, CG 20 10 12 19, at Page 1 of 2; and

c. Any such other provisions of the Policy that may serve as a basis for Kinsale to deny coverage.

7. The Policy provides for no coverage to G&M for any claim based on the events alleged in the Complaint, and therefore Kinsale owes no contribution to Plaintiff, based on G&M failing to satisfy the following conditions:

a. G&M's payment for additional expenses and services from others and assumption of other obligations was without Kinsale's consent. Specifically,

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

***

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

***

d. No insured will, except at that insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

***

*Id.*, CG 00 01 04013, at Page 11 of 16;

b. On information and belief, Brandon's Plumbing LLC was a subcontractor of G&M's, was performing work for G&M pursuant to that subcontract at the time of the matters alleged in the Complaint, and lacked the necessary state and local licensing for the work it allegedly performed. Specifically,

**WARRANTY ENDORSEMENT – LICENSING COMPLIANCE (YOUR WORK)**

***

> As a condition for this insurance, you are required to and do warrant that for the duration of this policy period "your work" shall be in full compliance with all state and local licensing and permitting requirements. If this condition is not fully satisfied, we will not pay for any damages because of "bodily injury" or "property damage" under this Policy.

*Id.*, CAS2071 0922, at Page 1 of 1; and

c. Any such other conditions of the Policy that may serve as a basis for Kinsale to deny coverage.

8. To the extent that the Policy provides any coverage to G&M for any claim based on the events alleged in the Complaint, such coverage is excluded, and therefore Kinsale owes no contribution to Plaintiff, based on the following Policy exclusions:

a.

**2. Exclusions**
This insurance does not apply to:

***

**j. Damage To Property**
"Property damage" to:

***

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must restored, repaired or replaced because "your work" was incorrectly performed on it.

***

**m. Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

***

*Id.*, CG 00 01 04 13, at Pages 2, 4-5 of 16;

b. On information and belief, Brandon's Plumbing LLC lacked the necessary state and local licensing for the work it allegedly performed. Therefore, any coverage is excluded as follows:

**WARRANTY ENDORSEMENT – LICENSING COMPLIANCE (YOUR WORK)**

***

It is further agreed that the following exclusion is added to this Policy:

This insurance does not apply to any claim, "suit", "bodily injury", or "property damage" arising out of, related to, or in any way involving work performed

by or on behalf of the Named Insured when any required license or permit is not in full force and effect.

*Id.*, CAS2071 0922, at Page 1 of 1;

c. G&M's failure to take appropriate steps with respect to locating, marking, re-identifying, and re-marking the post-tension cables, and failure to use appropriate methods of drilling excludes G&M from any available coverage under the Policy pursuant to the following limitation:

**LIMITATIONS – UNDERGROUND FACILITY**

***

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or "underground property damage" arising directly or indirectly out of, related to, or, in any way involving any failure by you, or others working on your behalf, to

**(1)** Take "appropriate" steps to locate, identify, or mark the location of any "underground facility" in advance of any job or work commencing;

**(2)** Take "appropriate" steps to relocate, re-identify, or re-mark the location of any "underground facility" during the course of any job or work, as needed or required by statute or regulation; or

**(3)** Use "appropriate" methods of digging, excavating, grading, drilling, burrowing, boring, pile driving, or any other means of removing earth as required by statute or regulation.

For purposes of this exclusion, the following definitions apply:

"Underground property damage" means "property damage" to an "underground facility" including any resulting "property damage" to any other property, caused by digging, grading land, paving, excavating, drilling, burrowing, filling, back-filling, horizontal boring or pile driving.

> "Appropriate" means actions normally taken or used in the job site jurisdiction before or during any job or work in order to prevent or protect from damage to "underground facilities", including those actions, steps, or methods required by statute or regulation. This includes, without limitation, any painting, flagging, staking, or mapping of "underground facilities", potholing or daylighting, hand digging, soft digging, vacuum excavation methods, or any other similar procedure or action required by any statute or regulation applicable in the area in which the job is occurring.
>
> "Underground facility" means any item located below ground for use in connection with the storage or conveyance of water, sewage, electronic, telephonic or telegraphic communications, television, fiber optic, digital, electric energy, petroleum products, gas, gaseous vapors, hazardous liquids or other substances and including but not limited to pipes, sewers, conduits, mains, cables, valves, lines, wires, tanks, tunnels, manholes, attachments and any other similar property, and any apparatus used with them beneath the surface of the ground or water.

*Id.*, CAS 4053 1120, Page 1 of 1;

d. To the extent that the drilling involves activities or operations that generate sparks, flames, or heat capable of causing combustion, and G&M did not appropriately supervise, establish safeguards, or monitor the drilling alleged in the Complaint, such failure excludes G&M from any available coverage under the Policy pursuant to the following exclusion,

**EXCLUSION – HOT WORK**

> The following exclusion is added to this policy:
>
> This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving any failure to provide:
>
> 1. "Appropriate" supervision, safeguards or monitoring during any operations involving "hot

work" and for at least one hour following completion of any operations involving "hot work"; or,

2. Emergency fire suppression equipment located at the site of operations during any operations involving "hot work" and for at least one hour following completion of any operations involving "hot work".

This exclusion applies to the negligent hiring, employment, training, supervision, or retention of any insured, employee, agent or other person with respect to such work and regardless of whether such work is conducted by you, on your behalf, for yourself or for others.

The term "appropriate" as used in this endorsement means actions customarily and normally taken or used by similar contractors in the same field under similar circumstances in the job site jurisdiction to protect or prevent damage. This includes but is not limited to compliance with all codes and regulations.

The following is added to the **DEFINITIONS** section of this policy:

"Hot work" means any cutting, brazing, grinding or other similar activity or operations that generate sparks, flames or heat capable of causing combustion.

*Id.*, CAS3047 0319, at Page 1 of 1; and

e. Any such other exclusions in the Policy that may serve as a basis for Kinsale to deny coverage.

9. Kinsale has received no benefit from Plaintiff's alleged coverage and resolution, as the Policy provides no coverage to G&M for the alleged damages.

10. To the extent that this action was filed subsequent to the passage of the applicable statute of limitations for Plaintiff's Count III, this Complaint fails to state a claim upon which relief can be granted.

11. To the extent that any portion of the damages claimed by Plaintiff is attributable to G&M's undertaking of repairs directly, contractual amendments, diminished compensation over

expectations, or deductive change orders by Cathcart Construction or otherwise, Plaintiff fails to satisfy the payment element of an equitable contribution claim.

12. Plaintiff's claim for equitable contribution is barred, in part or in whole, by the equitable doctrine of laches.

13. To the extent that Plaintiff's liability insurance coverage to G&M did not create a legal obligation for Plaintiff to pay G&M or others on behalf of G&M, Plaintiff is not entitled to equitable contribution.

14. To the extent that Kinsale owes coverage for amounts sought through this lawsuit, such amounts for which coverage is owed are subject to the Policy's deductible. *See* Policy, CAS 2004 0110.

15. To the extent Kinsale owes coverage for any amounts sought through this lawsuit, Plaintiff's ad damnum seeks an amount that does not equally or equitably apportion damages and is in excess of an amount for which a contribution by Kinsale would be equitable.

16. To the extent that Plaintiff's policy for liability insurance coverage to G&M excludes or waives rights of recovery, such provision bars this action.

17. To the extent Count III of the Complaint is read to sound in subrogation instead of contribution, G&M's transfer of its rights and duties is barred pursuant to the terms of the Policy, which provide in part as follows:

**COMMON CONDITIONS – CASUALTY**

***

**TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this Policy may not be transferred without our written consent except in the case of death of an individual Named Insured.

***

*Id.*, CAS2007 0222, at Page 2 of 4. Kinsale has not consented (in writing or otherwise) to such transfer, and no individual Named Insured has died.

18. Pursuant to the Policy, Count III of the Complaint is subject to binding arbitration, as there is a dispute over coverage or any rights afforded under the Policy, including whether an entity (namely, G&M) is an additional insured. *See id.*, CAS2007 0222, at 2 of 4.

19. Kinsale reserves its right to supplement the foregoing Affirmative Defenses and to raise others that may become evident during the course of this action.

WHEREFORE, Kinsale Insurance Company, by counsel, seeks judgment (1) dismissing the Complaint with prejudice; (2) denying all relief sought in the Complaint with prejudice; and (3) imposing such other and further relief in favor of Kinsale Insurance Company as may be appropriate.

**Respectfully submitted,**

**KINSALE INSURANCE COMPANY**

**By:** /s/ John B. Mumford, Jr.
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
HANCOCK, DANIEL & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Kinsale Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James L. Chapman, IV (VSB No. 21983)
K. Barrett Luxhoj (VSB No. 86302)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W, Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com

Kenneth Levine *(Admitted Pro Hac Vice)*
Matthew Connolly *(Admitted Pro Hac Vice)*
DE LUCA LEVINE LLC
301 E. Germantown Pike, Ste. 300
E. Norriton, PA 19401
Telephone: (215) 588-5085
Facsimile: (703) 591-9285
klevine@delucalevine.com
mconnolly@delucalevine.com

*Counsel for Plaintiff*

/s/ John B. Mumford, Jr.
John B. Mumford, Jr.