**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **WESTFIELD INSURANCE COMPANY,**<br><br>***Plaintiff*****,**<br><br>**v.**<br><br>**FROEHILING & ROBERTSON, INCORPORATED,** ***et al.*****,**<br><br>***Defendants*****.** | ) | **Civil Action No. 2:26-cv-909** |

**FROEHLING & ROBERTSON, INCORPORATED'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Froehling & Robertson, Incorporated ("F&R"), by counsel, states as follows for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Westfield Insurance Company:

## ANSWER

### Parties

1. F&R is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2. F&R is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore denies the same and demands strict proof thereof.

3. F&R is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint and therefore denies the same and demands strict proof thereof.

4. F&R is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint and therefore denies the same and demands strict proof thereof.

5. F&R admits the allegations of Paragraph 5 of the Complaint.

6. F&R denies the allegations of Paragraph 6 of the Complaint as written, admitting only that its services on the subject project were limited to endeavoring to use Ground Penetrating Radar to attempt to locate reinforcing steel and post tensioned cables, and that it performed its services in accordance with the terms of its contract. To the extent not expressly admitted, the remaining allegations of Paragraph 6 of the Complaint are denied.

7. F&R is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof.

8. F&R admits that Defendant Brandon's Plumbing, LLC ("Brandon's Plumbing") performed core drilling into a concrete slab. F&R lacks sufficient information to admit or deny the remaining allegations of Paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9. F&R is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10. F&R denies the allegations of Paragraph 10 of the Complaint to the extent the allegations add to or take away from the substance of the Commercial General Liability insurance policy issued by Defendant Kinsale to Brandon's Plumbing, a copy of which was attached as Exhibit A to Kinsale's Answer and Affirmative Defenses (the "Kinsale Policy"). The Kinsale Policy speaks for itself. F&R is without sufficient information to admit or deny all remaining

allegations of Paragraph 10 of the Complaint and therefore denies the same and demands strict proof thereof.

**Jurisdiction**

11. F&R admits that it is a Virginia corporation with its principal place of business located at 3015 Dumbarton Road, Henrico, VA 23228-5831. F&R is without sufficient information to admit or deny the remaining allegations of Paragraph 11 and therefore denies the same and demand strict proof thereof.

12. F&R is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and therefore denies the same and demands strict proof thereof.

**Statement of Facts**

13. F&R restates and incorporates by reference its responses in Paragraphs 1 – 12 of this Answer.

14. F&R is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same and demands strict proof thereof.

15. F&R admits that, prior to March 25, 2025, it entered into an agreement with G&M Mechanical where F&R agreed to endeavor to use Ground Penetrating Radar to attempt to locate reinforcing steel and post tensioned cables for the subject Project, as set forth in the Authorization of Services (AOS), attached to the Complaint as Exhibit A. To the extent not specifically admitted, F&R denies the remaining allegations in Paragraph 15 of the Complaint.

16. F&R is without sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies the same and demands strict proof thereof.

17. F&R denies the allegations of Paragraph 17 of the Complaint. F&R answers further that pursuant to the express terms of the AOS it was engaged to endeavor to use Ground Penetrating Radar to attempt to locate reinforcing steel and post tensioned cables as part of the subject Project, which obligation F&R performed in accordance with the terms of the AOS. To the extent not specifically admitted, F&R denies the remaining allegations in Paragraph 17 of the Complaint.

18. F&R admits the allegations of Paragraph 18 of the Complaint.

19. F&R admits that Brandon's Plumbing severed cables and caused property damage related to the subject Project. F&R answers further that the project superintendent directed Brandon's Plumbing to stop all work and leave the site, but afterwards discovered the same workers in the process of drilling another hole despite explicit direction to the contrary. The project superintendent investigated further and determined that the second hole had completely severed another entire bundle of cables.

20. F&R is without sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint and therefore denies the same and demands strict proof thereof.

21. F&R is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and therefore denies the same and demands strict proof thereof.

22. F&R is without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint and therefore denies the same and demands strict proof thereof.

23. F&R is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and therefore denies the same and demands strict proof thereof.

24. F&R is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint and therefore denies the same and demands strict proof thereof.

**Count I – Breach of Contract v. F&R**

25. F&R restates and incorporates by reference its responses in Paragraphs 1 – 24 of this Answer.

26. F&R expressly denies that it breached any contractual obligations owed under the AOS. The AOS speaks for itself. To the extent the allegations of Paragraph 26 contradict, add to or take away from the substance of these documents, F&R denies all such allegations and demand strict proof.

27. The AOS speaks for itself. To the extent the allegations of Paragraph 27 contradict, add to or take away from the substance of these documents, F&R denies all such allegations and demand strict proof.

28. F&R denies the allegations of Paragraph 28 of the Complaint and demands strict proof thereof. F&R expressly denies that it breached any contractual obligations owed under the AOS.

29. F&R is without sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint and therefore denies the same and demands strict proof thereof.

30. F&R is without sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint and therefore denies the same and demands strict proof thereof.

31. F&R is without sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint and therefore denies the same and demands strict proof thereof.

**<u>Count II – Breach of Contract v. Brandon's Plumbing</u>**

32. F&R restates and incorporates by reference its responses in Paragraphs 1 – 31 of this Answer.

33. Paragraph 33 of the Complaint states no allegations against F&R and therefore no response is required. To the extent it is deemed to contain any allegations against F&R, those allegations are denied and strict proof is demanded.

34. Paragraph 34 of the Complaint states no allegations against F&R and therefore no response is required. To the extent it is deemed to contain any allegations against F&R, those allegations are denied and strict proof is demanded.

35. Paragraph 35 of the Complaint states no allegations against F&R and therefore no response is required. To the extent it is deemed to contain any allegations against F&R, those allegations are denied and strict proof is demanded.

36. F&R is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint and therefore denies the same and demands strict proof thereof.

37. F&R is without sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint and therefore denies the same and demands strict proof thereof.

38. F&R is without sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint and therefore denies the same and demands strict proof thereof.

39. F&R is without sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint and therefore denies the same and demands strict proof thereof.

40. F&R is without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint and therefore denies the same and demands strict proof thereof.

41. F&R is without sufficient information to admit or deny the allegations of Paragraph 41 of the Complaint and therefore denies the same and demands strict proof thereof.

**Count III – Equitable Contribution v. Kinsale**

42. F&R restates and incorporates by reference its responses in Paragraphs 1 – 41 of this Answer.

43. Paragraph 43 of the Complaint states no allegations against F&R and therefore no response is required. To the extent it is deemed to contain any allegations against F&R, those allegations are denied and strict proof is demanded.

44. F&R is without sufficient information to admit or deny the allegations of Paragraph 44 of the Complaint and therefore denies the same and demands strict proof thereof.

45. F&R is without sufficient information to admit or deny the allegations of Paragraph 45 of the Complaint and therefore denies the same and demands strict proof thereof.

46. F&R is without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint and therefore denies the same and demands strict proof thereof.

47. F&R is without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint and therefore denies the same and demands strict proof thereof.

48. F&R is without sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint and therefore denies the same and demands strict proof thereof.

49. F&R is without sufficient information to admit or deny the allegations of Paragraph 49 of the Complaint and therefore denies the same and demands strict proof thereof.

50. Paragraph 50 of the Complaint contains statements of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 of the Complaint are denied.

51. Paragraph 51 of the Complaint contains statements of law to which no response is required. To the extent a response is required, the allegations in Paragraph 51 of the Complaint are denied.

52. F&R is without sufficient information to admit or deny the allegations of Paragraph 52 of the Complaint and therefore denies the same and demands strict proof thereof.

F&R avers that the remainder of Plaintiff's Complaint consists of Plaintiff's prayer for relief, to which no answer is required. To the extent it is deemed to contain any allegations of fact, the allegations are denied.

F&R hereby deny all allegations not expressly admitted.

**AFFIMRATIVE AND OTHER DEFENSES**

WHEREFORE having fully answered the Complaint, F&R asserts the following defenses to the extent they are or may be supported by evidence adduced in discovery:

1. Plaintiff fails to state a claim for which relief may be granted and the Complaint should be dismissed with prejudice.

2. Plaintiff's breach of contract claim against F&R is barred by the plain meaning of the contract at issue because F&R performed its obligations in full under the express terms of the AOS.

3. Plaintiff's recovery for any breach by F&R, in the event Plaintiff is entitled to any recovery, is limited by the limitation of liability clause included in Article 5 of the Terms and Conditions of the AOS.

4. Plaintiff has failed to mitigate its damages, if any.

5. F&R is entitled to all just and lawful offsets and credits against the alleged damages owed to Plaintiff, in the event Plaintiff is entitled to any damages.

6. F&R hereby reserves the right to amend these defenses pending completion of discovery and reserve the right to raise any and all additional defenses as warranted by the evidence.

WHEREFORE, for the reasons stated, Defendant Froehling & Robertson, Incorporated respectfully requests that this Honorable Court deny all relief requested by Plaintiff Westfield Insurance Company and dismiss the Complaint with prejudice.

Date: **November 23, 2026**

Respectfully submitted,

/s/ Michael D. Pierce
Stephan F. Andrews (VSB No. 23756)
Michael D. Pierce (VSB No. 89768)
O' HAGAN MEYER PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7122
Facsimile: (804) 237-0250
Email: sandrews@ohaganmeyer.com
Email: mpierce@ohaganmeyer.com

*Counsel for Defendant Froehling & Robertson, Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

*/s/ Michael D. Pierce*